UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ) <br> COMPLAINT ) <br> ) <br> OF ) <br> ) <br> ) <br> CHRISTOPHER CARTER, owner of the ) <br> Vessel 1999 Regal 240 Destiny ) <br> (Hull Identification No. RGMPB342H899 ) <br> for Exoneration from or Limitation of ) <br> Liability ) | CIVIL ACTION NO. 07-00896 -CG-C <br><br> IN ADMIRALTY |

**ORDER**

Christopher Carter ("Limitation Plaintiff") filed a verified Complaint (Doc. 1) on December 29, 2007, as the owner of the Vessel 1999 Regal 240 Destiny (Hull Identification No. RGMPB342H899), seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § § 30501, et seq., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed.R.Civ.P., for any losses, damages or injuries arising out of a marine casualty which occurred on or about July 1, 2007, when the vessel was involved in a collision with a 1994 Yamaha Waverunner personal watercraft, Hull Identification No. YAMA2951L394, operated by Austin Cowan, all of which is more fully described in the Complaint. On December 29, 2007, Limitation Plaintiff also filed his Ad Interim Stipulation for Value and Bond for Costs. (Doc. 2).

Taken together, the verified Complaint and Ad Interim Stipulation for Value and Bond for Costs demonstrate that, following the referenced casualty, the Vessel 1999 Regal 240 Destiny (Hull Identification No. RGMPB342H899) had a value of $12,000.00 (Twelve Thousand and No/100 Dollars).

The Limitation Plaintiff has filed with the court for the benefit of claimants an Ad Interim Stipulation for Value and Bond for Costs.  This Stipulation is intended to stand as security for the amount of the value of the vessel (as such value may be determined by the court), together with interest at six percent (6%) per annum from its date and for payment of court costs.

Therefore it is **ORDERED**:

1. The Ad Interim Stipulation for Value and Bond for Costs filed by the Limitation Plaintiff with the court for the benefit of claimants, with interest as aforesaid and for the payment of court costs, as security for the amount or value of the Limitation Plaintiff's interest in the above-referenced 1999 Regal 240 Destiny is,approved.

2. The court, upon motion by appropriate party, will cause due appraisement for such value and may thereupon order the security increased if it finds the amount insufficient.

3. The Clerk of Court is directed to issue a notice to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of Court in writing, and to serve on the attorneys for Petitioner a copy any claims, no later than the **22nd day of February, 2008**, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he shall file and serve upon attorneys for Limitation Plaintiff an answer to the Complaint on or before February 22, 2008, unless his claim has included an answer to the Complaint, so designated, or be defaulted.

4. The notice shall be published in the Mobile Register once a week for four consecutive weeks prior to the date for the filing of claims as provided by Rule F, and the copies of the notice shall be mailed in accordance with Rule F.

5. The further prosecution of any and all suits, actions and proceedings already commenced, and any commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature or description whatsoever in any jurisdiction, and the taking of any steps or the making of any motion in such suits, actions or proceedings against the Limitation Plaintiff, his respective agents, officers, representatives, insurers, or any other person or persons having, or claiming to have any interest of any kind in the above-referenced vessel (Vessel 1999 Regal 240 Destiny), whatsoever, or against any property of Limitation Plaintiff except in this action, to recover damages for or in respect to any loss, damage, injury or death arising out of a marine casualty which occurred on or about July 1, 2007, when said vessel was involved in a collision with a 1994 Yamaha Waverunner personal watercraft, Hull Identification No. YAMA2951L394, operated by Austin Cowan, as alleged in the Complaint, are hereby restrained, stayed and enjoined until the hearing and determination of this action.

6. Service of this Order as a Restraining Order may be made by hand delivery, or alternatively through the post office by mailing a conformed copy thereof to the person or persons to be restrained or to their respective attorneys.

**DONE** and **ORDERED** this 9th day of January, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE