UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) ) ) | |
| OF ) ) ) | CIVIL ACTION NO. 07-00896 -CG-C |
| ) | |
| CHRISTOPHER CARTER, owner of the ) Vessel 1999 Regal 240 Destiny ) (Hull Identification No. RGMPB342H899 ) for Exoneration from or Limitation of ) Liability | |

**ORDER**

This matter is before the court on the motion of claimant, John Paul Cowan, to lift stay (Docs. 15, 16), the response of limitation petitioner, Christopher Carter, (Doc. 22) and Cowan's reply (Doc. 24). Mr. Cowan moves the court to lift the stay to permit him to proceed in the Circuit Court of Baldwin County, Alabama.

Contemporaneously with his motion, Cowan filed an affidavit 1) stipulating to the full and exclusive jurisdiction of this court to determine the value of the vessel involved in this litigation and its pending freight, or the value of the limitation fund; 2) stipulating to the full and exclusive jurisdiction of this court to determine whether the limitation petitioner has the right to any limitation of liability; 3) waiving any claim of res judicata and issue preclusion concerning limited liability based on any judgment that might be rendered by the Circuit Court of Baldwin County, Alabama, or any other court; and 4) stipulating and agreeing that claimant will not seek to enforce any judgment exposing the limitation petitioner to liability in excess of the ultimately determined limitation fund, if it is determined that the limitation petitioner is entitled to limit liability. (Doc. 13).

Also filed contemporaneously with Cowan's motion was the affidavit of Wayne Mosley who stipulates that he does "not intend to, and will not, assert a claim in this court or any other court, or otherwise against Carter as a result of the Collision" and further, that he acknowledges and agrees to "relinquish and release any and all such claims against Carter." (Doc. 14).  Mr. Cowan asserts that these waivers and stipulations fully protect the right of the limitation petitioner to seek limitation of liability.

Limitation petitioner, Carter, responds that it is premature to consider lifting the stay unless and until Mr. Mosley answers or otherwise appears in this suit.  Carter acknowledges that there are two situations in which parties should be permitted to litigate their claims in state court despite a limitation action: (1) When the limitation fund exceeds the value of the claims; and (2) where there is only one claimant and he/she stipulates that the federal court has exclusive jurisdiction over the limitation action and agrees to appropriate protective stipulations. Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1037-1038(11th Cir. 1996).  Carter argues however, that Mr. Mosley's statement that he does not intend to assert a claim was made before he was sued as a third-party defendant in this case.  Carter contends that Mosley may essentially change his mind and assert a claim now that he has been named as a defendant in the third-party complaint.  The court disagrees.  Mosley's affidavit leaves no room for a change of heart.  The affidavit states that Mosley "will not assert a claim in this court or any other court, or otherwise" and that he relinquishes "any and all" such claims against Carter.  The stipulation is not conditioned on the current status of the case or on anything else.  Thus, the court finds that the stipulations and waivers fully protect the right of the limitation petitioner to seek limitation of liability.

## **CONCLUSION**

For the reasons stated above, the motion of claimant, John Paul Cowan, to lift stay (Doc. 15) is **GRANTED,** and the stay is hereby **LIFTED** for the limited purpose of allowing claimant, John Paul Cowan, to proceed in the Circuit Court of Baldwin County, Alabama, with his claim against the limitation petitioner, Christopher Carter.

**DONE** and **ORDERED** this 29th day of April, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE